| B 104<br>(Rev. 8/99) | **ADVERSARY PROCEEDING SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>Creative Capital Leasing Group, LLC<br><br>Address<br><br>619 Kettner Blvd., Suite 110, San Diego, CA 92101 | DEFENDANTS<br>Alfredo Dinunzio and Rosanna Dinunzio<br><br>Address<br><br>14747 Fairtree Terrace, Poway, CA 92064 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>Jack M. Winick, Esq. / Walter C. Chung, Esq.<br>Creative Capital Leasing Group, 619 Kettner Blvd.,<br>Suite 110, San Diego, CA 92101 / (619) 233-8900 | ATTORNEYS (if known)<br>Jeffrey Cawdrey, Esq.<br>Gordon & Rees, 101 W. Broadway, Suite 1600, San<br>Diego, CA 92101 / 619-696-6700 |

Case # : 05-90358-PBAD
05-90358-PBAD  CREATIVE CAPITAL LEASING GROUP
Judge.: PETER BOWIE
Chapter

**PARTY** (Check one box only)   ☒ 1  U.S. PLAINTIFF   ☐ 2  U.S. DEFENDANT   ☐ 3  OTHER PARTY

Filed : August 15, 2005   10:59:50
Deputy : K DURAN
Receipt # : 3022523
Amount : $150.00

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)

**Causes of action to determine exception to dischargability of debt pursuant to 11 U.S.C. §523(a)(10) and (11)**

**NATURE OF SUIT**
(Check the one most appropriate box only)

| | | |
|---|---|---|
| ☐ 454 To recover money or property | ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ 435 To determine validity, priority, or extent of a lien or other interest in property | ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan | |

| ORIGIN OF PROCEEDING<br>(Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 500 | OTHER RELIEF SOUGHT | ☒ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Dinunzio | BANKRUPTCY CASE NUMBER   05-04824-7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE | NAME OF JUDGE<br>Peter W. Bowie |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE<br>(Check one box only) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>August 11, 2005 | PRINT NAME<br>Walter C. Chung | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B-104

Jack M. Winick, Esq. (SBN 68512)
Walter C. Chung, Esq. (SBN 163097)
CREATIVE CAPITAL LEASING GROUP, LLC
619 Kettner Blvd., Suite 110
Telephone: (619) 233-8900
Facsimile: (619) 233-8909

```
Case # : 05-90358-PBAD
Debtor.: CREATIVE CAPITAL LEASING GROUP
Judge..: PETER BOWIE
Chapter: AD
------------------------------------
Filed  : August 15, 2005  10:59:50
Deputy : K DURAN
Receipt: 186222
Amount : $150.00
------------------------------------
```

Attorneys for Plaintiff and Cross-Defendant Creative Capital Leasing Group, LLC

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | Adversary Case No.: |
| ALFREDO DINUNZIO and ROSANNA DINUNZIO | Case No.: 05-04824-PB7 |
| Debtors. | Chapter 7 |
| CREATIVE CAPITAL LEASING GROUP, LLC, a California limited liability company, | COMPLAINT TO DETERMINE EXCEPTION TO DISCHARGABILITY OF DEBT (11 U.S.C. §523(a)(10) and (11)) |
| Plaintiff | [JURY DEMAND] |
| v. | |
| ALFREDO DINUNZIO and ROSANNA DINUNZIO and DOES 1 through 20, inclusive. | |

Plaintiff CREATIVE CAPITAL LEASING GROUP, LLC ("Creative Capital"), alleges:

## JURISDICTION AND VENUE

1.    This is an adversary proceeding pursuant to 11 U.S.C. § 523 of the United States Bankruptcy Code to determine the dischargability of a debt owed by Defendants Alfredo Dinunzio and Rosanna Dinunzio (collectively the "Dinunzios").

2.    This Court has jurisdiction over this adversary proceeding purusnat to 28 U.S.C. §§ 157 and 1134(b).

3.    Venue is proper in this District in that the above-captioned Chapter 7 case was filed May 27, 2005, and is pending in this District.

**THE PARTIES**

4.     Creative Capital is a California limited liability company, authorized to do, and doing, business in California.  Creative Capital is the beneficiary under a settlement agreement and judgment which is the subject of this complaint.

5.     Defendant Alfredo Dinunzio is an individual residing in Poway, San Diego County, California.

6.     Defendant Rosanna Dinunzio is an individual residing in Poway, San Diego County, California.

7.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants, Does 1 through 20, inclusive, are currently unknown to Plaintiff, who thereby sue such defendants by such fictitious names, and Plaintiff will seek to amend this complaint and insert the true names and identities of said defendants when they are determined or become known.  Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein as a Doe defendant is responsible in some manner for the events and happenings herein referred to and thereby proximately caused injury and damages to Plaintiff as herein alleged.

8.     Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, were the agents, servants, employees, joint ventures, and/or alter egos of the other named defendants, and were acting at all times within the scope of their agency, employment or joint venture, or otherwise and with the knowledge and consent of their principles and/or employers.

**BACKGROUND FACTS**

9.     On or about April 30, 2001, the Dinunzios entered into a Settlement Agreement and Release of All Claims ("Settlement Agreement") with Creative Capital.  A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A" and incorporated by reference.  This Settlement Agreement settled two legal actions.  The first action was an adversary proceeding in the United States Bankruptcy Court for the Southern District of California and known as *Winick v. Dinunzio*, case number 97-02797, with adversary case number 97-90390.  The second action was a San Diego Superior Court case known as *Winick et. al. v. DFW Hair, LLC*, case number GIC 733360.

10.    Pursuant to the terms of the Settlement Agreement, the Dinunzios agreed to pay Creative Capital the sum of four hundred fifteen thousand dollars ($415,000.00) over time.

11.    The Settlement Agreement contains a non-dischargeability provision wherein the Dinunzios agreed that have not and will not seek to have this debt discharged in any bankruptcy proceeding.  The Dinunzios entered into a stipulation agreeing to the non-dischargability of the debt under the Settlement Agreement.  The Honorable Peter W. Bowie, Judge of the United States Bankruptcy Court approved the terms of the Settlement Agreement and the non-dischargability provision when Judge Bowie signed the Order regarding the Stipulation of Parties Re: Settlement of Complaint to Determine Nondischargeability on June 20, 2001.  A true and correct copy of the Stipulation of Parties Re: Settlement of Complaint to Determine Nondischargeability and Order Thereon is attached hereto as Exhibit "B" and incorporated by reference.

12.    Following execution of the Settlement Agreement, the Dinunzios made payments totaling only ten thousand dollars ($10,000.00).

13.    Beginning in or around June 2001, the Dinunzios were in default of their obligations under the terms of the Settlement Agreement.

14.    On or about September 29, 2004, Creative Capital filed an action in the San Diego Superior Court against the Dinunzios for breach of the Settlement Agreement.  That action is known as *Creative Capital Leasing Group, LLC v. Dinunzio et. al.*, case number GIC836405.

15.    On or about May 27, 2005, judgment was entered in favor of Creative Capital in *Creative Capital Leasing Group, LLC v. Dinunzio et. al.*, case number GIC836405, in the amount of five hundred twenty five thousand four hundred three dollars and fifty six cents ($525,403.56), which is the sum of the outstanding principal plus pre-judgment interest as of May 27, 2005.

## FIRST CLAIM FOR RELIEF

### (Exception to Discharge Under 11 U.S.C. §523(a)(10))

16.    The above referenced Settlement Agreement and non-dischargability of the obligations contained therein was approved and ordered by The Honorable Peter W. Bowie, Judge of the United States Bankruptcy Court and in connection with a bankruptcy matter, specifically, *Winick v. Dinunzio*, United States Bankruptcy Court for the Southern District of California case number 97-02797.

17.    The obligations of the Dinunzios under the terms of the Settlement Agreement was listed in a prior bankruptcy matter and discharge was waived by the Dinunzios and/or denied by that court.

18.    As a result, the obligations owed to Creative Capital by the Dinunzios are not dischargeable pursuant to 11 U.S.C. §523(a)(10).

**SECOND CLAIM FOR RELIEF**

**(Exception to Discharge Under 11 U.S.C. §523(a)(11))**

19.    The above referenced Settlement Agreement and non-dischargability of the obligations contained therein was approved and ordered by The Honorable Peter W. Bowie, Judge of the United States Bankruptcy Court.

20.    The monetary obligations of the Dinunzios under the terms of the Settlement Agreement have now been converted to a state court judgment in the San Diego Superior Court case of *Creative Capital Leasing Group, LLC v. Dinunzio et. al.*, case number GIC836405.

21.    As a result of the above, the obligations owed to Creative Capital by the Dinunzios are not dischargeable pursuant to 11 U.S.C. §523(a)(11).

WHEREFORE, Creative Capital prays for judgment as follows:

1.    For a determination that Alfredo Dinunzio and Rosanna Dinunzio are indebted to Creative Capital in the sum of five hundred twenty five thousand four hundred three dollars and fifty six cents ($525,403.56), plus interest, attorneys' fees and costs;

2.    That said indebtedness be determined to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(10) and (11);

3.    For such other and further relief as this Court deems just and proper.

DATED:  August 11, 2005

By: _____
　　　Jack M. Winick
　　　Walter C. Chung
　　　Attorneys for Plaintiff and Cross-Defendant
　　　CREATIVE CAPITAL LEASING GROUP, LLC

Ex. A

# EXHIBIT "A"

Sent By: David Crawford, Attorney  Law; 619 231 2871;    Jul-9-   1:01AM;    Page 4

7605999571   TESTA AND ASSOCIATES                    104 P03    JUN 04 '01  13:31

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This agreement is entered into this _30 th_ day of _April_ 2001, by and

between David Winick dba Winick Leasing dba Creative Capital Leasing Group, Winick Leasing

V, and Creative Capital Leasing Group, LLC (hereafter collectively referred to as "Creative Capital")

on the one hand; and Alfredo Dinunzio and Rosanna Dinunzio ("Dinunzio"), and Bravo Hair Design,

Inc.; DFW Hair, LLC; Salon Group, Inc.; (collectively referred to as "Primo") and Judith J.

Frosburg, Gary DeYarman, on the other hand;

## I

## RECITALS

A.    A dispute exists between Creative Capital and Primo regarding a series of leases or

loans for equipment and tenant improvements utilized in Primo's hair salons. Two lawsuits are

currently pending regarding these disputes. The first legal action is an adversary proceeding in the

United States Bankruptcy Court for the Southern District of California known as Winick vs.

Dinunzio, Case No. 97-02797 B11, bearing adversary proceeding number 97-90390, wherein

Creative Capital is objecting to a bankruptcy discharge of the Dinunzios' indebtedness to them all,

as more fully described in the pleading filed with the court in that action. The second legal action

is pending in the San Diego Superior Court known as Winick, et al., vs. DFW Hair, LLC, Case No.

Ex A

GIC 733360, wherein claims are asserted for the damages related to the disputed leases and loans and the transfer of assets by and between the Primo participants and the Primo hair salons, as more fully described in the pleadings filed with the court in that action.

B.      The parties now want to resolve this dispute, the lawsuits and all claims either has against the other by way of settlement and compromise pursuant to the terms provided herein.

## II

## AGREEMENT

Now, therefore, the parties hereto agree as follows:

1.      <u>Compensation to Creative Capital</u>.  Primo and Alfredo Dinunzio and Rosanna Dinunzio jointly will pay Creative Capital the sum of $7,500 per month commencing May 10, 2001, followed by 47 additional consecutive monthly payments for a total of $360,000.   In addition, Alfredo Dinunzio and Rosanna Dinunzio, individually, will pay Creative Capital the sum of $55,000 on or before May 10, 2005.  Payments are due on the $10^{st}$ day of the month, and a late charge of 10 percent is incurred on any installment payment received after the 20th day of the month.

2.      <u>Additional Consideration</u>.  In addition to the consideration provided to Creative Capital as set forth in Paragraph 1 above, Primo agrees that Creative Capital has the right to purchase $415,000 of the stock or membership interest of any or all Primo business entities that go public at the price the stock or membership interest is issued to the Dinunzios or other partners or insiders of Primo.   If Creative Capital exercises this right to purchase, Creative Capital must apply the remaining unpaid balance of the monetary settlement (provided in paragraph 1 above) toward the purchase and pay the remaining portion of the purchase price in cash.  If Primo is sold, conveyed or

JUN-15-01 10:45AM   FROM-CREATIVE CAPITALPHONE NUMBER           8585586542         T-330  P.02/03  F-956

merged directly or indirectly with another entity for a price of $20,000,000 or more, Primo and Alfredo Dinunzio and Rosanna Dinunzio jointly will pay Creative Capital the unpaid balance of the $415,000 settlement amount plus $550,000. No payment of any kind is required of the remaining parties to this agreement although they agree to cooperate as needed to carry out the purpose of this agreement.

3.    **Default.** In the event any payment required by this agreement is not timely paid (or Alfredo Dinunzio dies and any payment required by this agreement is not timely paid) and the payment(s) continues unpaid for 30 days following the faxing and mailing (by U.S. mail, postage prepaid) of written notice of such default by Creative Capital to Primo and Alfredo Dinunzio and Rosanna Dinunzio, the entire unpaid balance of all monies and obligations of Primo and Alfredo Dinunzio and Rosanna Dinunzio described in paragraphs 1 and 2 above are immediately due and owing in full. Creative Capital is to fax notice of default to Primo at (619) ~~552-701~~ and mail notice of default to Primo at 6710 TOP GAN STE #2 S.D., CA. 92121 _____. Creative Capital is to fax notice of default to Alfredo Dinunzio and Rosanna Dinunzio at (619) SAME _____ and mail notice of default to Alfredo Dinunzio and Rosanna Dinunzio at SAME _____.

Dinunzio and Primo are also in default if the goodwill (or a majority of the equipment, accounts or assets) of any the following four Primo stores, Mission Valley, Fashion Valley, University Town Center, and Carmel Mountain Salon, are sold or transferred, or if Dinunzio or Primo own the Carmel Mountain Day spa on June 1, 2001 and that store is thereafter sold or transferred. In the event of such sale or transfer, the default, however, can be cured by Dinunzio's immediate payment of one-

Winick/Dinunzio Settlement Agreement 4-19-01                    3

third of the remaining payment obligation and continuous monthly payments, and by the payment of an equal one-third payment 6 months from the date of sale or transfer, and continuous monthly payments, and a final payment of the entire balance of the outstanding payment obligation 12 months from the date of sale or transfer.

4. _Acknowledgment of Primo's Financial Status._ Creative Capital acknowledges there is currently little or no value in the Primo business entities and that the monies generated by Primo's business operations are either re-invested into Primo's hair salons, used to pay salaries of its officers and employees, or to retire its debt. Primo, however, is hopeful to take its hair salons public, expand the hair salons' business operations, and establish a marketable value for these business entities and their stock and/or membership interests.

5. _Non-dischargeability of Obligation._ The monthly installment payments totaling $360,000 of Alfredo Dinunzio and Rosanna Dinunzio provided in this agreement have not and will not be discharged by any bankruptcy petition or proceeding of Alfredo Dinunzio and Rosanna Dinunzio, or Bravo Hair Design, Inc., including the proceedings pending in the United States Bankruptcy Court for the Southern District of California known as Case No. 97-02797 B11 (Dinunzio) and 97-02795 (Bravo).     In furtherance of this agreement, Alfredo Dinunzio and Rosanna Dinunzio and Bravo Hair Design, Inc. will sign and submit to the court a stipulation regarding the non-dischargeability of their obligations as provided in this agreement and cooperate through their counsel to obtain an order from the United States Bankruptcy Court that the obligations provided by this agreement have not and will not be discharged pursuant to the bankruptcy laws of the United States. If Bankruptcy Court approval of this agreement is required by law, or any party to this agreement requests Bankruptcy Court approval, the parties will also seek such approval and

cooperate with one another in doing so.

6.   <u>Mutual Release of Claims.</u>  Except for any claims or rights which arise out of or are related to the obligations of the parties as provided in this agreement, Primo, Dinunzio, Judith J. Frosburg, and Gary DeYarman, on behalf of themselves, their principals, successors, heirs, executors, administrators and assigns, and Creative Capital, on behalf of itself, its principals, successors, heirs, executors, administrators and assigns, each fully and forever releases and discharges the other from any and all claims, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims or liabilities. It is the intention of the parties hereto that except for the obligations provided by this agreement the foregoing release shall be effective as a bar to all claims, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, actions, liabilities and demands of whatever character, nature and kind, known or unknown, suspected or unsuspected either has against the other.  In the furtherance of this intention, the parties hereto expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code, which are as follows:

> 1542. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must be materially affected by his settlement with the debtor.

The parties hereto acknowledge that they separately bargained for the foregoing waiver of the provisions of Section 1542 of the California Civil Code. The parties further expressly consent that this release shall be given full force and effect in accordance with each and all of the express terms and provisions, relating to unknown and unsuspected claims, demands, causes of action, if any, and have the same effect as those terms and provisions have on specified claims.

Sent By: David Crawford, Attorney at Law; 619 231 2871;    Jul-9-   11:02AM;    Page 9/15
7605999571    TESTA AND ASSOCIATES    104 P07    JUN 04 '01 13:32

7.    <u>Signing Authority</u>.   Each person signing on behalf of an entity further personally represents and warrants that he or she has authority to sign this agreement on behalf of the entity for whom he or she is signing, and that by signing for the entity, he or she is binding the entity to the terms of this agreement.

8.    <u>Attorneys' Fees</u>.  Should any party hereto reasonably retain counsel for the purpose of enforcing or preventing the breach of any provision hereof, including, but not limited to, the institution of an action or proceeding to enforce any provision hereof, the prevailing party shall be entitled to costs, including, but not limited to, reasonable attorneys' fees.

9.    <u>Further Assurances</u>.  The parties hereto agree to execute such other documents or to take such action as may be reasonably necessary to further the purposes of this agreement.

10.    <u>Governing Law</u>.  This agreement shall be governed by and construed and enforced in accordance with the laws of the State of California.

11.    <u>Counterparts</u>.  This agreement may be executed in counterparts by the parties hereto. All counterparts shall be executed and shall constitute one agreement notwithstanding that all parties are not signature to the original or the same counterpart.  Although the parties shall sign a sufficient number of counterparts so that each party will receive a fully executed original signature of this agreement, a photocopy or facsimile of the parties' signatures shall be binding unless proven not to be genuine.

12.    <u>The Entire Agreement</u>.  This agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and may be so modified only by written agreement signed by all the parties hereto.

**IN WITNESS WHEREOF**, the parties hereto shall execute this agreement as of the date

and year referenced in the introductory paragraph of this agreement.

Dated: _____, 2001

_____
David Winick

WINICK LEASING

Dated: _____, 2001

_____
By: David Winick

CREATIVE CAPITAL LEASING GROUP, LLC

Dated: _____, 2001

_____
By: David Winick

WINICK LEASING V

Dated: _____, 2001

_____
By: David Winick

Dated: _____, 2001

_____
Rosanna Dinunzio, individually

Dated: _____, 2001

_____
Alfredo Dinunzio, individually

BRAVO HAIR DESIGN, INC.

Dated: _____, 2001

_____
By:

Winick/Dinunzio Settlement Agreement 4-19-01          7

and year referenced in the Introductory paragraph of this agreement.

Dated: _____, 2001

David Winick

WINICK LEASING

By: David Winick

CREATIVE CAPITAL LEASING GROUP, LLC

Dated: _____, 2001

By: David Winick

WINICK LEASING V

Dated: _____, 2001

By: David Winick

Dated: 4-25- , 2001

Roseann Dinunzio, Individually

Dated: 4-24 , 2001

Alfredo Dinunzio, Individually

BRAVO HAIR DESIGN, INC.

Dated: 4-74 , 2001

By:

Winick/Dinunzio Settlement Agreement 4-3-01        7

FROM-CREATIVE CAPITALPHONE NUMBER 104 P10 JUN 04 '01 13:33
T-001 P 02/03 F-058

RECEIVED APR-25-01 10:32AM FROM- TO-CREATIVE CAPITALPHON PAGE 01
APR-15-01 01:47PM FROM-CREATIVE CAPITALPHONE NUMBER T-032 P.08/08 F-090

Dated: ____________, 2001

DFW HAIR, LLC

By: ____________________

Dated: ____________, 2001

SALON GROUP, INC.

By: ____________________

Dated: 4/24, 2001

____________________
Judith J. Frosburg

Dated: 4/25, 2001

____________________
Gary DeVaman

APPROVED AS TO FORM AND CONTENT:

Dated: ____________, 2001

____________________
David P. Crawford,
Counsel for DAVID WINICK dba WINICK LEASING dba CREATIVE CAPITAL LEASING GROUP, LLC; WINICK LEASING V

Dated: ____________, 2001

____________________
James A. Tosta,
Counsel for Alfredo Dinunzio; Rosanna Dinunzio; Bravo Hair Design, Inc.; DFW Hair, LLC; Salon Group, Inc.;

RECEIVED APR-16-01 12:24PM FROM-619 231 2871 TO-CREATIVE CAPITALPHON PAGE 08

MAR. 11 2008 07:11AM P4 FAX NO. : FROM :

DFW HAIR, LLC

Dated: _____, 2001

By: _____

SALON GROUP, INC.

Dated: _____, 2001

By: _____

Dated: _____, 2001

_____
Judith J. Frosburg

Dated: _____, 2001

_____
Gary DeYarman

## APPROVED AS TO FORM AND CONTENT:

Dated: _April 25_, 2001

_____
David P. Crawford,
Counsel for DAVID WINICK dba WINICK
LEASING dba CREATIVE CAPITAL LEASING
GROUP, LLC; WINICK LEASING V

Dated: _____, 2001

_____
James A. Testa,
Counsel for Alfredo Dinunzio; Rosanna Dinunzio;
Bravo Hair Design, Inc.; DFW Hair, LLC; Salon
Group, Inc.;

Dated: _____, 2001            DFW HAIR, LLC

                                        By:

Dated: _____, 2001            SALON GROUP, INC.

                                        By:

Dated: 4/24 _____, 2001

                                        Judith J. Froebag

Dated: 5/25 _____, 2001

                                        Gary DeVenzeo

APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2001

                                        David F. Crawford,
                                        Counsel for DAVID WINICK dba WINICK
                                        LEASING the CREATIVE CAPITAL LEASING
                                        GROUP, LLC, WINICK LEASING V

Dated: APRIL 30 2001

                                        James A. Tusa
                                        Counsel for Alfredo Dicastelar, Roseanne Dicastelar
                                        Barre Hair Design, Inc.; DFW Hair, LLC; Salon
                                        Group, Inc.

Sent By: David Crawford, Attorney [●] Law; 619 231 2871;    Jul-9-0[●]1:03AM;    Page 15/15

104 P13    JUN 04 '01  13:33

and year referenced in the introductory paragraph of this agreement.

Dated: _____, 2001

_____
David Winick

**WINICK LEASING**

Dated: _____, 2001

_____
By: David Winick

**CREATIVE CAPITAL LEASING GROUP, LLC**

Dated: _____, 2001

_____
By: David Winick

**WINICK LEASING V**

Dated: _____, 2001

_____
By: David Winick

Dated: ___4-25-___, 2001

_____
Rosanne Dinunzio, Individually

Dated: __4-24___, 2001

_____
Alfredo Dinunzio, Individually

**BRAVO HAIR DESIGN, INC.**

Dated: __4-24___, 2001

_____
By:

Winick/Dinunzio Settlement Agreement 4-19-01    7

RECEIVED    APR-19-01  10:24PM    FROM-619 231 2871    TO-CREATIVE CAPITAL PHON    PAGE 08

Ex. B

# EXHIBIT "B"

ENTERED _6/21/20_01

FILED

JUN 20 2001

CLERK U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1 | David P. Crawford, SBN 091324
550 West C Street, Suite 1150
2 | San Diego, CA 92101
Telephone No. (619) 231-6923
3 | Attorney for Plaintiff

4 | James A. Testa
Testa & Associates
5 | Vista Corporate Center
1800 Thibodo Road, Suite 300
6 | Post Office Box 1720
Vista, California 92085
7 | Attorney for Defendants

8 |

9 |                    UNITED STATES BANKRUPTCY COURT

10 |                   SOUTHERN DISTRICT OF CALIFORNIA

11 | In re                              )   Case No. 97-02797 B11
                                       )
12 | ALFREDO DINUNZIO and ROSANNA       )   Adv. Pro. No. 97-90390
   | DINUNZIO,                          )
13 |                                    )
   |            Debtors in Possession.  )   STIPULATION OF PARTIES RE:
14 | _____       )   SETTLEMENT OF COMPLAINT
                                       )   TO DETERMINE
15 | DAVID W. WINICK dba WINICK LEASING )   NONDISCHARGEABILITY
   | dba CREATIVE CAPITAL LEASING       )   AND ORDER THEREON
16 | GROUP, LLC; WINICK LEASING V, a    )
   | general partnership,               )
17 |                                    )
   |            Plaintiffs,             )
18 |                                    )
   | v.                                 )
19 |                                    )
   | ALFREDO DINUNZIO and ROSANNA       )
20 | DINUNZIO,                          )
   |                                    )
21 |            Defendants.             )
   | _____       )
22 |

23 |        It is hereby stipulated by and between the parties to this action, through their respective

24 | counsel, that a settlement of all disputes asserted in this matter has been reached. The terms and

25 | conditions of the parties' settlement are set forth in detail in the fully executed Settlement

26 | Agreement and Release of All Claims attached hereto as Exhibit "A".

27 | /////

28 | /////

1

Stipulation of Parties re Settlement of Complaint to Determine Dischargeability and Order Thereon
Winick v. Dinunzio Case No. 97-02797-B-11/Adv.Pro. No.97-90390

1    IT IS SO STIPULATED.

2

3

4    Dated: June ___, 2001                    By: _____
                                                     David P. Crawford
5

6

7

8

9    Dated: June ___, 2001                    By: _____
                                                     James A. Testa
10

11

12                                           ORDER

13    IT IS SO ORDERED.
                                               PETER W. BOWIE
14    Dated: JUN 20 2001

15                                           _____
                                             JUDGE, UNITED STATES BANKRUPTCY COURT
16

17    Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief
18    provided by the order is the relief granted by the court.

19    Submitted by:

20    By: _____
          David P. Crawford
21        Attorney for Plaintiff

22

23

24

25

26

27

28

Stipulation of Parties re Settlement of Complaint to Determine Dischargeability and Order Thereon
Winick v. Dinunzio Case No. 97-02797-B-11/Adv.Pro. No. _____

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This agreement is entered into this __30 th__ day of __April__ 2001, by and
between David Winick dba Winick Leasing dba Creative Capital Leasing Group, Winick Leasing
V, and Creative Capital Leasing Group, LLC (hereafter collectively referred to as "Creative Capital")
on the one hand; and Alfredo Dinunzio and Rosanna Dinunzio ("Dinunzio"), and Bravo Hair Design,
Inc.; DFW Hair, LLC; Salon Group, Inc.; (collectively referred to as "Primo") and Judith J.
Frosburg, Gary DeYarman, on the other hand;

I

### RECITALS

A.    A dispute exists between Creative Capital and Primo regarding a series of leases or
loans for equipment and tenant improvements utilized in Primo's hair salons.  Two lawsuits are
currently pending regarding these disputes.  The first legal action is an adversary proceeding in the
United States Bankruptcy Court for the Southern District of California known as Winick vs.
Dinunzio, Case No. 97-02797 B11, bearing adversary proceeding number 97-90390, wherein
Creative Capital is objecting to a bankruptcy discharge of the Dinunzios' indebtedness to them all,
as more fully described in the pleading filed with the court in that action.  The second legal action
is pending in the San Diego Superior Court known as Winick, et al., vs. DFW Hair, LLC, Case No.

Ex   A

GIC 733360, wherein claims are asserted for the damages related to the disputed leases and loans and the transfer of assets by and between the Primo participants and the Primo hair salons, as more fully described in the pleadings filed with the court in that action.

B.     The parties now want to resolve this dispute, the lawsuits and all claims either has against the other by way of settlement and compromise pursuant to the terms provided herein.

## II

## AGREEMENT

Now, therefore, the parties hereto agree as follows:

1.     _Compensation to Creative Capital_.  Primo and Alfredo Dinunzio and Rosanna Dinunzio jointly will pay Creative Capital the sum of $7,500 per month commencing May 10, 2001, followed by 47 additional consecutive monthly payments for a total of $360,000.   In addition, Alfredo Dinunzio and Rosanna Dinunzio, individually, will pay Creative Capital the sum of $55,000 on or before May 10, 2005.  Payments are due on the $10^{st}$ day of the month, and a late charge of 10 percent is incurred on any installment payment received after the 20th day of the month.

2.     _Additional Consideration_.  In addition to the consideration provided to Creative Capital as set forth in Paragraph 1 above, Primo agrees that Creative Capital has the right to purchase $415,000 of the stock or membership interest of any or all Primo business entities that go public at the price the stock or membership interest is issued to the Dinunzios or other partners or insiders of Primo.   If Creative Capital exercises this right to purchase, Creative Capital must apply the remaining unpaid balance of the monetary settlement (provided in paragraph 1 above) toward the purchase and pay the remaining portion of the purchase price in cash.  If Primo is sold, conveyed or

merged directly or indirectly with another entity for a price of $20,000,000 or more, Primo and Alfredo Dinunzio and Rosanna Dinunzio jointly will pay Creative Capital the unpaid balance of the $415,000 settlement amount plus $550,000. No payment of any kind is required of the remaining parties to this agreement although they agree to cooperate as needed to carry out the purpose of this agreement.

3.    **Default.** In the event any payment required by this agreement is not timely paid (or Alfredo Dinunzio dies and any payment required by this agreement is not timely paid) and the payment(s) continues unpaid for 30 days following the faxing and mailing (by U.S. mail, postage prepaid) of written notice of such default by Creative Capital to Primo and Alfredo Dinunzio and Rosanna Dinunzio, the entire unpaid balance of all monies and obligations of Primo and Alfredo Dinunzio and Rosanna Dinunzio described in paragraphs 1 and 2 above are immediately due and owing in full. Creative Capital is to fax notice of default to Primo at (619) 552-701 552-701 and mail notice of default to Primo at ___6790 TOP GUN STE #4___ ___S.D., CA. 92121___ _____. Creative Capital is to fax notice of default to Alfredo Dinunzio and Rosanna Dinunzio at (619) ___SAME___, and mail notice of default to Alfredo Dinunzio and Rosanna Dinunzio at ___SAME___ _____.

Dinunzio and Primo are also in default if the goodwill (or a majority of the equipment, accounts or assets) of any the following four Primo stores. Mission Valley, Fashion Valley, University Town Center, and Carmel Mountain Salon, are sold or transferred, or if Dinunzio or Primo own the Carmel Mountain Day spa on June 1, 2001 and that store is thereafter sold or transferred. In the event of such sale or transfer, the default, however, can be cured by Dinunzio's immediate payment of one-

Winick/Dinunzio Settlement Agreement 6-19-01        5

third of the remaining payment obligation and continuous monthly payments, and by the payment of an equal one-third payment 6 months from the date of sale or transfer, and continuous monthly payments, and a final payment of the entire balance of the outstanding payment obligation 12 months from the date of sale or transfer.

4. **Acknowledgment of Primo's Financial Status.** Creative Capital acknowledges there is currently little or no value in the Primo business entities and that the monies generated by Primo's business operations are either re-invested into Primo's hair salons, used to pay salaries of its officers and employees, or to retire its debt. Primo, however, is hopeful to take its hair salons public, expand the hair salons' business operations, and establish a marketable value for these business entities and their stock and/or membership interests.

5. **Non-dischargeability of Obligation.** The monthly installment payments totaling $360,000 of Alfredo Dinunzio and Rosanna Dinunzio provided in this agreement have not and will not be discharged by any bankruptcy petition or proceeding of Alfredo Dinunzio and Rosanna Dinunzio, or Bravo Hair Design, Inc., including the proceedings pending in the United States Bankruptcy Court for the Southern District of California known as Case No. 97-02797 B11 (Dinunzio) and 97-02795 (Bravo).    In furtherance of this agreement, Alfredo Dinunzio and Rosanna Dinunzio and Bravo Hair Design, Inc. will sign and submit to the court a stipulation regarding the non-dischargeability of their obligations as provided in this agreement and cooperate through their counsel to obtain an order from the United States Bankruptcy Court that the obligations provided by this agreement have not and will not be discharged pursuant to the bankruptcy laws of the United States. If Bankruptcy Court approval of this agreement is required by law, or any party to this agreement requests Bankruptcy Court approval, the parties will also seek such approval and

cooperate with one another in doing so.

6.    <u>Mutual Release of Claims.</u> Except for any claims or rights which arise out of or are related to the obligations of the parties as provided in this agreement, Primo, Dinunzio, Judith J. Frosburg, and Gary DeYarman, on behalf of themselves, their principals, successors, heirs, executors, administrators and assigns, and Creative Capital, on behalf of itself, its principals, successors, heirs, executors, administrators and assigns, each fully and forever releases and discharges the other from any and all claims, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims or liabilities. It is the intention of the parties hereto that except for the obligations provided by this agreement the foregoing release shall be effective as a bar to all claims, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, actions, liabilities and demands of whatever character, nature and kind, known or unknown, suspected or unsuspected either has against the other. In the furtherance of this intention, the parties hereto expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code, which are as follows:

> 1542. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must be materially affected by his settlement with the debtor.

The parties hereto acknowledge that they separately bargained for the foregoing waiver of the provisions of Section 1542 of the California Civil Code. The parties further expressly consent that this release shall be given full force and effect in accordance with each and all of the express terms and provisions, relating to unknown and unsuspected claims, demands, causes of action, if any, and have the same effect as those terms and provisions have on specified claims.

7.    <u>Signing Authority</u>.  Each person signing on behalf of an entity further personally represents and warrants that he or she has authority to sign this agreement on behalf of the entity for whom he or she is signing, and that by signing for the entity, he or she is binding the entity to the terms of this agreement.

8.    <u>Attorneys' Fees</u>.  Should any party hereto reasonably retain counsel for the purpose of enforcing or preventing the breach of any provision hereof, including, but not limited to, the institution of an action or proceeding to enforce any provision hereof, the prevailing party shall be entitled to costs, including, but not limited to, reasonable attorneys' fees.

9.    <u>Further Assurances</u>.  The parties hereto agree to execute such other documents or to take such action as may be reasonably necessary to further the purposes of this agreement.

10.    <u>Governing Law</u>.  This agreement shall be governed by and construed and enforced in accordance with the laws of the State of California.

11.    <u>Counterparts</u>.  This agreement may be executed in counterparts by the parties hereto. All counterparts shall be executed and shall constitute one agreement notwithstanding that all parties are not signature to the original or the same counterpart.  Although the parties shall sign a sufficient number of counterparts so that each party will receive a fully executed original signature of this agreement, a photocopy or facsimile of the parties' signatures shall be binding unless proven not to be genuine.

12.    <u>The Entire Agreement</u>.  This agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and may be so modified only by written agreement signed by all the parties hereto.

**IN WITNESS WHEREOF**, the parties hereto shall execute this agreement as of the date

Winick/Dinunzio Settlement Agreement 4-19-01          6

and year referenced in the introductory paragraph of this agreement.

Dated: _____, 2001

_____
David Winick

WINICK LEASING

Dated: _____, 2001

_____
By: David Winick

CREATIVE CAPITAL LEASING GROUP, LLC

Dated: _____, 2001

_____
By: David Winick

WINICK LEASING V

Dated: _____, 2001

_____
By: David Winick

Dated: _____, 2001

_____
Rosanna Dinunzio, individually

Dated: _____, 2001

_____
Alfredo Dinunzio, individually

BRAVO HAIR DESIGN, INC.

Dated: _____, 2001

_____
By:

and year referenced in the introductory paragraph of this agreement.

Dated: _____, 2001

David Winick

WINICK LEASING

Dated: _____, 2001

By: David Winick

CREATIVE CAPITAL LEASING GROUP, LLC

Dated: _____, 2001

By: David Winick

WINICK LEASING V

Dated: _____, 2001

By: David Winick

Dated: __4-25-__, 2001

Roseann Dinunzio, individually

Dated: __4-74__, 2001

Alfredo Dinunzio, individually

BRAVO HAIR DESIGN, INC.

Dated: __4-74__, 2001

By:

Winick/Dinunzio Settlement Agreement 4-2-01                    7

Dated: _____, 2001

DFW HAIR, LLC

By: _____

Dated: _____, 2001

SALON GROUP, INC.

By: _____

Dated: 4/24, 2001

_____
Judith J. Frosburg

Dated: 4/25, 2001

_____
Gary DeYarman

**APPROVED AS TO FORM AND CONTENT:**

Dated: _____, 2001

_____
David P. Crawford,
Counsel for DAVID WINICK dba WINICK
LEASING dba CREATIVE CAPITAL LEASING
GROUP, LLC; WINICK LEASING V

Dated: _____, 2001

_____
James A. Tern,
Counsel for Alfredo Dinunzio; Rosanna Dinunzio;
Brava Hair Design, Inc.; DFW Hair, LLC; Salon
Group, Inc.:

Winick/Dinunzio Settlement Agreement 4-18-01                    8

Dated: _____, 2001          DFW HAIR, LLC

                                         By: _____


Dated: _____, 2001          SALON GROUP, INC.

                                         _____

                                         By: _____


Dated: _____, 2001

                                         _____
                                         Judith J. Frosburg


Dated: _____, 2001

                                         _____
                                         Gary DeYarman


## APPROVED AS TO FORM AND CONTENT:


Dated: _April 26_, 2001          _____
                                 David P. Crawford,
                                 Counsel for DAVID WINICK dba WINICK
                                 LEASING dba CREATIVE CAPITAL LEASING
                                 GROUP, LLC; WINICK LEASING V


Dated: _____, 2001          _____
                                        James A. Testa,
                                        Counsel for Alfredo Dinunzio; Rosanna Dinunzio;
                                        Bravo Hair Design, Inc.; DFW Hair, LLC; Salon
                                        Group, Inc.;

Dated: _____, 2001

DFW HAIR, LLC

By: _____

Dated: _____, 2001

SALON GROUP, INC.

By: _____

Dated: 4/24, 2001

_____
Judith J. Froeberg

Dated: 4/25, 2001

_____
Gary DeVinnous

**APPROVED AS TO FORM AND CONTENT:**

Dated: _____, 2001

_____
David F. Crawford,
Counsel for DAVID WINICK dba WINICK
LEASING dba CREATIVE CAPITAL LEASING
GROUP, LLC; WINICK LEASING V

Dated: APRIL 30, 2001

_____
James A. Tatt,
Counsel for Alfredo Dismuke; Ramona Dismuke;
Sassy Hair Design, Inc.; DFW Hair, LLC; Salon
Group, Inc.;

and year referenced in the introductory paragraph of this agreement.

Dated: _____, 2001

David Winick

WINICK LEASING

Dated: _____, 2001

By: David Winick

CREATIVE CAPITAL LEASING GROUP, LLC

Dated: _____, 2001

By: David Winick

WINICK LEASING

Dated: _____, 2001

By: David Winick

Dated: __4-25-__, 2001

Rosanne Dinunzio, individually

Dated: __4-24__, 2001

Alfredo Dinunzio, individually

BRAVO HAIR DESIGN, INC.

Dated: __4-24__, 2001

By:

Winick/Dinunzio Residence Agreement 4-19-01                    7

RECEIVED  APR-19-01  10:24PM          FROM-212 231 2171                TO-CREATIVE CAPITAL PHON    PAGE 08